UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| FERRILL JOSEPH VOLPICELLI, | ) | |
| | ) | |
| Petitioner, | ) | 3:08-cv-00160-RCJ-VPC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| JACK PALMER, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | / | |

This action is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. This matter comes before the Court on the merits of the petition.

**I. Procedural History**

On February 6, 2002, the State charged petitioner by information with two felony counts of indecent exposure (Counts I and III) and one felony count of open or gross lewdness (Count II). (Exhibit 9).[1] On February 21, 2003, pursuant to negotiations, the State filed an amended information dismissing Count III. (Exhibit 26).

A jury trial was held on July 10, 2003. (Exhibit 39). The jury found petitioner guilty of indecent exposure (Count I) and open or gross lewdness (Count II). (Exhibit 42). On December 12, 2003, the

---

[1] The exhibits referenced in this order are found in the Court's record at ECF Nos. 18-20.

1  court sentenced petitioner to two concurrent terms of 12 to 48 months in the Nevada Department of
2  Corrections. (Exhibit 64, at p. 12). The court also fined petitioner $5,000 on each count. (*Id.*). The
3  judgment of conviction was filed on December 12, 2003. (Exhibit 66).

4  Petitioner filed a notice of appeal on January 2, 2004. (Exhibit 69). The Nevada Supreme Court
5  affirmed the judgment of conviction on May 12, 2004. (Exhibit 80). Remittitur issued on June 8, 2004.
6  (Exhibit 84).

7  On October 7, 2004, petitioner filed a post-conviction habeas petition, along with points and
8  authorities, in state court. (Exhibits 85 and 86). Petitioner filed a supplemental petition on February 23,
9  2005, which raised eight grounds for relief. (Exhibit 92). On March 30, 2005, the court appointed
10 counsel to represent petitioner in his post-conviction proceedings. (Exhibit 94). The court appointed
11 conflict counsel on April 29, 2005. (Exhibit 98).

12 There was no movement in the case until February 16, 2007, when petitioner filed a notice that
13 no supplement to the petition would be filed. (Exhibit 101). On June 8, 2007, the state district court
14 denied petitioner's habeas petition, finding that petitioner's claims were procedurally barred by NRS
15 34.810(1)(b)(2), as the claims could have been raised on direct appeal. (Exhibit 106). The district court
16 addressed the merits of four grounds raised in petitioner's October 7, 2004 petition. (*Id.*).

17 Petitioner filed a notice of appeal on November 26, 2007. (Exhibit 110). On February 1, 2008,
18 petitioner's counsel filed a fast track statement. (Exhibit 121). On March 5, 2008, the Nevada Supreme
19 Court affirmed the judgment of the district court's denial of petitioner's habeas petition. (Exhibit 125).
20 The Nevada Supreme Court did not find the claim barred by NRS 34.810(1). (*Id.*). Remittitur issued
21 on April 1, 2008. (Exhibit 127).

22 Petitioner mailed his federal habeas petition on March 27, 2008. (ECF No. 8). The petition
23 raises eight grounds for relief. On December 3, 2008, respondents moved to dismiss the petition on the
24 basis of failure to exhaust all grounds of the petition. (ECF No. 17). This Court granted in part and
25 denied in part the motion to dismiss. (ECF No. 24). The Court found that Grounds One, Two, Three,
26

2

Seven, Eight, and the portion of Ground Six alleging ineffective assistance of counsel based on the failure to interview, investigate, and present other witnesses and defenses, are unexhausted. (*Id.*). The Court further found that Grounds Four, Five, and the portion of Ground Six alleging ineffective assistance of counsel based on the failure to present a medical-necessity defense at trial, are exhausted. (*Id.*). The Court gave petitioner the option to abandon the unexhausted grounds of the petition, or seek a stay to return to state court to exhaust the unexhausted grounds. (*Id.*). On August 24, 2009, petitioner filed a declaration abandoning the unexhausted grounds of the petition. (ECF No. 27). On January 28, 2010, respondents filed an answer to the remaining grounds for relief. (ECF No. 35). On March 2, 2010, petitioner filed a reply. (ECF No. 39).

## II.  Federal Habeas Corpus Standards

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the

3

1. Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent."
2. *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000)
3. and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001). Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**III. Discussion**

**A. Ground Four**

Petitioner claims his right to due process under the Fifth and Fourteenth Amendments was violated because there was insufficient evidence to support convictions for open or gross lewdness and indecent exposure. (ECF No. 8, at p. 15).

When a habeas petitioner challenges the sufficiency of evidence to support his conviction, the court reviews the record to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Jones v. Wood*, 207 F.3d 557, 563

(9th Cir. 2000). The court must assume that the jury resolved any evidentiary conflicts in favor of the prosecution, and the court must defer to that resolution. *Jackson*, 443 U.S. at 326; *Schell v. Witek*, 218 F.3d 1017, 1023 (9th Cir. 2000) (*en banc*). The credibility of witnesses is beyond the scope of the court's review of the sufficiency of the evidence. *See Schlup v. Delo*, 513 U.S. 298, 330 (1995). Under the *Jackson* standard, the prosecution has no obligation to rule out every hypothesis except guilt. *Wright v. West*, 505 U.S. 277, 296 (1992) (plurality opinion); *Jackson*, 443 U.S. at 326; *Schell*, 218 F.3d at 1023. *Jackson* presents "a high standard" to habeas petitioners claiming insufficiency of evidence. *Jones v. Wood*, 207 F.3d 557, 563 (9th Cir. 2000).

The Nevada Supreme Court addressed the claim of insufficiency of the evidence in ruling on petitioner's direct appeal, as follows:

> First, Volpicelli contends that the evidence presented at trial was insufficient to support the jury's finding that he was guilty beyond a reasonable doubt of indecent exposure and open or gross lewdness. Volpicelli argues that he should not have been found guilty in because the acts for which he was convicted occurred "in his vehicle and not in public view." We disagree with Volpicelli's contention.
>
> Our review of the record on appeal reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. In particular, we note that Detective Patricia Allen of the Reno Police Department testified at trial that she was instructed to investigate a vehicle parked in the lot outside of a Shopko and a Safeway store, approximately 30-40 yards from the front entrances. Detective Allen stated that she arrived at the busy parking lot at 2:30 p.m.; she walked by the vehicle and saw Volpicelli through the "lightly-tinted" windows in the backseat, they made eye contact and the detective continued past the vehicle. Less than one minute later, Detective Allen turned around and headed back towards the vehicle in question. This time, Detective Allen saw Volpicelli laying down in the backseat of the vehicle, his shirt "was pulled up around the top part of his chest . . . [and] [h]is pants were pulled down around his knees, along with his underwear." Detective Allen testified that she could clearly see Volpicelli's exposed penis in his right hand, and that he was masturbating.
>
> Based on the above, we conclude that the jury could reasonably infer from the evidence presented that Volpicelli committed the crimes of indecent exposure and open or gross lewdness. This court has stated that a conviction for both indecent exposure and open or gross lewdness requires intentional public sexual conduct or exposure. Here, Volpicelli intentionally exposed his penis and masturbated in the backseat of his

> vehicle while parked in a busy parking lot in the middle of the afternoon. Although Volpicelli's actions took place in the backseat of his vehicle, he was readily observable by any passerby, and therefore, his argument that he was not in public view is without merit. It is for the jury to determine the weight and credibility to give conflicting testimony, and the jury's verdict will not be disturbed on appeal where, as here, sufficient evidence supports the verdict. We also note that circumstantial evidence alone may sustain a conviction. Therefore, we conclude that the State presented sufficient evidence to sustain the conviction.

(Exhibit 80, at pp. 1-3) (footnotes omitted). The Nevada Supreme Court cited to and applied the correct federal standard, *Jackson v. Virginia*, 433 U.S. 307 (1979), in reviewing petitioner's insufficiency of the evidence claim. (Exhibit 80, at p. 1, n.1). The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court will deny habeas relief as to Ground Four.

**B. Ground Five**

Petitioner claims his right to due process under the Fifth and Fourteenth Amendments was violated because the state district court erred in admitting his prior conviction of indecent exposure into evidence for the purpose of enhancing his sentence. (ECF No. 8, at pp. 16-17). Petitioner argues that his September 1983 misdemeanor conviction for indecent exposure should not have been used to enhance the charges of open and gross lewdness and indecent exposure from gross misdemeanors to felonies. (*Id.*).

A prior constitutionally valid misdemeanor conviction, even if the defendant was without counsel, can be employed in a subsequent proceeding to increase the defendant's maximum punishment for the offense. *Nichols v. United States*, 511 U.S. 738 (1994). In the instant case, petitioner was represented by counsel during the 1983 misdemeanor indecent exposure case. (Exhibit 63, Ex. A). The state district court found petitioner's 1983 guilty plea to be valid and admitted the evidence of the prior

conviction for indecent exposure. (Exhibit 64, at p. 5). The Nevada Supreme Court addressed this claim in ruling on petitioner's direct appeal, as follows:

> Second, Volpicelli contends that the district court erred at sentencing by admitting into evidence a prior conviction in order to enhance his conviction to a felony pursuant to NRS 201.210(1)(b) and NRS 201.220(1)(b). In 1983, Volpicelli was charged with indecent exposure, a gross misdemeanor. Volpicelli argues that a review of the change of plea hearing transcript reveals that there was never a written waiver of rights, he was not thoroughly canvassed by the district court, "[b]ut most of all, it shows that the district court failed to ask Defendant how he wished to plea[d]." Volpicelli claims that "[f]ailure to ask [him] how he wished to plea[d] negated the prior conviction," and therefore, could not be used for enhancement purposes in the instant case. We disagree with Volpicelli's contention.
>
> To establish the validity of a prior misdemeanor conviction, the State must "affirmatively show . . . that counsel was present . . . and that the spirit of constitutional principles was respected in the prior misdemeanor proceedings." "[I]f the state produces a record of a judgment of conviction which shows that the defendant was represented by counsel, then it is presumed that the conviction is constitutionally adequate." "[I]n consideration of the realities of misdemeanor prosecutions," a formal, written judgment of conviction is not necessary if other documents provide sufficient evidence of the conviction. The burden shifts to the defendant, represented by counsel, to present evidence to rebut the presumption of constitutionality.
>
> In the instant case, we conclude that the State has met its burden and demonstrated that the spirit of constitutional principles was respected. Volpicelli was represented by attorney Lew Carnahan on September 22, 1983, when he pleaded guilty to gross misdemeanor indecent exposure. Our review of the change of plea hearing transcript reveals that Volpicelli was present when Carnahan informed the district court about the plea negotiations and that Volpicelli agreed to plead guilty to indecent exposure with the hope of receiving probation. The district court asked Volpicelli if he had any questions about the proceedings, and the replied that he did not. In response to the district court's questions, Volpicelli affirmatively answered that: it was his intent to plead guilty; Carnahan explained the rights he was waiving by pleading guilty; he was not coerced or induced by any means to plead guilty; and he was pleading voluntarily. Volpicelli also informed the district court that he was aware of the possible sentencing options, that the matter of sentencing was left to the district court, and that he was pleading guilty because he was, in fact, guilty of indecent exposure.
>
> We also note that included in the record on appeal is a waiver of preliminary examination form signed by Volpicelli in 1983, and the criminal information stating that Volpicelli was being charged with

> "open, indecent, and obscene exposure of his person" for actions taking place in the parking lot of a Mervyn's store. Accordingly, based on all of the above, we conclude that the district court did not err in using the 1983 indecent exposure conviction to enhance Volpicelli's sentence in the instant case to a felony.

(Exhibit 80, at pp. 3-5) (footnotes omitted). The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Habeas relief is denied as to Ground Five.

### C. Ground Six

Petitioner claims that, under the Sixth Amendment, his counsel was ineffective for failing to present a medical necessity defense at trial. (ECF No. 8, at pp. 18-19). Petitioner alleges that he was under the care of a dermatologist who had prescribed an ointment that petitioner was to apply to his groin area to alleviate rashes and discomfort in the region. (*Id.*, at p. 18). Petitioner argues that his trial counsel was ineffective for failing to present a defense to the jury that he was merely seeking privacy in his vehicle to apply ointment to his groin. (*Id.*).

Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. *Williams v. Taylor,* 529 U.S. 362, 390-391 (2000) (citing *Strickland,* 466 U.S. at 687). To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable

probability is "probability sufficient to undermine confidence in the outcome." *Id.* Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight. *Strickland,* 466 U.S. at 689. It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy. *Id.*

Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an 'objective standard of reasonableness,'. . . 'under prevailing professional norms.'" *Rompilla v. Beard,* 545 U.S. 374, 380 (2005) (quotations omitted). If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of the *Strickland* standard. *See Yarborough v. Gentry,* 540 U.S. 1, 5 (2003). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

The United States Supreme Court recently described federal review of a state supreme court's decision on a claim of ineffective assistance of counsel as "doubly deferential." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (2011) (quoting *Knowles v. Mirzayance*, 129 S.Ct. 1411, 1413 (2009)). The Supreme Court emphasized that: "We take a 'highly deferential' look at counsel's performance . . . . through the "deferential lens of § 2254(d).'" *Id.* at 1403 (internal citations omitted). Moreover, federal habeas review of an ineffective assistance of counsel claim is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 131 S.Ct. at 1398-1401.

The Nevada Supreme Court addressed petitioner's claim of ineffective assistance of counsel, as follows:

> Volpicelli contends that the district court erred by finding that he did not receive ineffective assistance of counsel at trial. Volpicelli argues that counsel was ineffective for failing to present a medical necessity defense. Specifically, Volpicelli claims that "if his trial attorney had presented evidence that he was applying prescription medication, the jury would have been more inclined to find the exposure of his penis unintentional,

9

> rather than a lewd act perpetrated in clear public view," and the jury would have been more likely to "have excused his penile exposure." We disagree with Volpicelli's contention.
>
> To state a claim for ineffective assistance of trial counsel sufficient to invalidate a judgment of conviction, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness, and that counsel's errors were so severe that there was a reasonably probability that the outcome would have been different.
>
> We conclude that the district court did not err by finding that Volpicelli's trial counsel was not ineffective. As we noted in Volpicelli's direct appeal, a conviction for both indecent exposure and open or gross lewdness requires intentional public sexual conduct or exposure. Therefore, even if counsel had presented a medical necessity defense, thus conceding that Volpicelli intentionally exposed his penis in the backseat of his car while parked in a busy parking lot in the middle of the afternoon, the elements of the charged offenses still would have been satisfied by the evidence adduced by the State. Accordingly, we conclude Volpicelli failed to demonstrate that there was a reasonable probability that the outcome of the trial would have been different but for counsel's failure.

(Exhibit 125, at pp. 2-3). The Nevada Supreme Court cited to and applied the correct federal standard, *Strickland v. Washington*, 466 U.S. 668 (1984), and found that petitioner's counsel was not ineffective. (*Id.*, at p. 3). The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Habeas relief is denied as to Ground Six.

**IV. Certificate of Appealability**

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

**V. Conclusion**

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is **DENIED IN ITS ENTIRETY**.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

DATED this 11th day of August, 2011.

_____
UNITED STATES DISTRICT JUDGE